UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOHAMMAD FARSHCHIN,

Plaintiff,

v.

PAMELA BONDI, et al.,

Defendants.

Case No.  25-cv-07146-JCS

**ORDER DENYING MOTION TO REMAND**

Re: Dkt. No. 21

## I.    INTRODUCTION

Plaintiff Mohammad Farshchin filed a Form N-400 Application for Naturalization on August 3, 2024.  U.S. Citizenship and Immigration Services ("USCIS") conducted an interview on March 14, 2025 but did not issue a decision within the 120-day statutory period. On August 23, 2025, Dr. Farshchin petitioned the Court for de novo review of his application for naturalization pursuant to 8 U.S.C. § 1447(b).  Dkt. no. 1 (Compl.) at 2.  Alternatively, Dr. Farshchin requested that the Court compel USCIS to render a decision on Plaintiff's naturalization application without further delay.  *Id.*   On March 31, 2026, Defendants[1] filed a Motion to Remand the matter to USCIS.  Dkt. no. 21 ("Motion").  A hearing on the Motion was held on May 13, 2026.  For the reasons set forth below, the Motion is DENIED.[2]

## II.    BACKGROUND

Dr. Mohammad Farshchin is a citizen of Iran.  Compl. at 4.  He was originally admitted to

---

[1] Petitioner named as Defendants in this matter Pamela Bondi, United States Attorney General; Kristi Noem, Secretary of the U.S. Department of Homeland Security; Joseph Edlow, Director of USCIS; and Robin Barrett, Director of USCIS San Francisco Field Office.
[2] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

the United States on a student visa.  Dkt. no. 23 (Plaintiff's Opposition to Defendants' Motion to Remand ("Opposition")) at 2.[3]  He subsequently filed an I-485 application for lawful permanent residency, which was granted on October 17, 2019. Compl. at 4 & Ex. A; Opposition Ex. A (I-485 Application excerpt). He filed a Form N-400 Application for Naturalization with USCIS on August 3, 2024 and that application is the subject of this action. Compl. at 4 & Ex. B.  According to Dr. Farshchin, in all of his applications, he disclosed that he had performed mandatory military service in Iran from June 22, 2006 to September 28, 2006, and from August 23, 2009, to September 16, 2010. Opposition at 2.

Dr. Farshchin's naturalization interview occurred on March 14, 2025 at the USCIS San Francisco Field Office.  Compl. at 4. He was told that he passed the required English test and U.S. history and government test "but that a final decision could not yet be made on his naturalization application." *Id.*   Dr. Farshchin alleges that he "meets the requirements for naturalization." Compl. at 5.  In particular, he alleges that he "has continuously resided in the United States as a U.S. lawful permanent resident for over five years[,] [h]e does not have any criminal record of any kind and [he] meets the requisite good moral character requirement." *Id.*

On December 2, 2025, after Dr. Farshchin's interview, USCIS issued Policy Memorandum 602-0192 (the "Policy Memorandum"), entitled "Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries," which placed a hold on pending benefit requests for aliens from countries listed in Presidential Proclamation 10949, including Iran.  Motion at 3 (citing https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf (last visited March 31, 2026)).  According to Defendants, since the Policy Memorandum was issued, "USICS has implemented a series of actions, including an internal process for lifting holds on individual case[s] and enhanced screening and vetting processes." *Id.*  (citing https://www.uscis.gov/newsroom/alerts/ update-on-uscis-strengthened-screening-and-vetting (last visited March 31, 2026)).

---

[3] Although Plaintiff has not supplied evidence establishing this fact, Defendants do not challenge this representation in their reply brief.  Therefore, the Court assumes this fact to be true.

United States District Court
Northern District of California

In the Motion, Defendants ask the Court to remand Dr. Farshchin's application to USCIS, representing that if the Court grants the Motion, the USCIS San Francisco Field Office "is prepared to issue a Notice of Intent to Deny [("NOID")] the Plaintiff's application, which allows for a response time of 33 days[,]" . . . [and] to adjudicate Mr. Farshchin's N-400 Application within 45 days of the 33 days' response time for the Notice of Intent to deny[,]" thus "complet[ing] adjudication of Plaintiff's naturalization application by issuing a decision within seventy-five days of the Court's order remanding this case to USCIS." Dkt. no. 21-1 (Declaration of San Francisco Field Office Director Ellen Jenkins ("Jenkins Decl.")) ¶ 4; Motion at 2. According to Defendants, remand will "allow USCIS to apply its expertise to the facts of this case, conserve judicial resources, and facilitate the creation of a complete administrative record." Motion at 2 (citations omitted).

Plaintiff opposes the Motion, asserting "[o]n information and belief" that "the ground for [the] intended denial is Dr. Farshchin's mandatory military service in Iran, completed twenty years ago—service that he fully and repeatedly disclosed on his student visa application, on his application for lawful permanent residence, and on the naturalization application that is at issue in this action." Opposition at 2. According to Plaintiff, "[n]ow, years later, USCIS seeks to re-examine that same military service—which it has never previously identified as a bar to any benefit Dr. Farshchin requested—and label it terrorist activity under INA § 212(a)(3)(B), 8 U.S.C. § 1182(a)(3)(B), to deny him citizenship." *Id.* Plaintiff contends USCIS's plan to issue a Notice of Intent to Deny based on his military service is "not a legitimate exercise of 'administrative expertise[ ]'" but is, instead "a post hoc reclassification designed to achieve an unlawful and ahistorical result that is inconsistent with previous adjudications." *Id.* at 4. Under these circumstances, he asserts, "[r]emanding this matter to allow USCIS to issue that denial would not serve the interests of justice; it would reward the government for manufacturing a new theory of inadmissibility in the middle of litigation and enable the agency to impose consequences on Dr. Farshchin that have no basis in the record." *Id.*

3

United States District Court
Northern District of California

### III.    ANALYSIS

#### A.    Legal Standards

The USCIS is the division of the Department of Homeland Security responsible for adjudicating naturalization applications. *See* 6 U.S.C. § 271(b).  If the USCIS fails to adjudicate an application for citizenship within 120 days from the date it initially interviews the applicant, the applicant may petition a United States district court for a hearing on the matter. *See* 8 U.S.C. § 1447(b); *United States v. Hovsepian*, 359 F.3d 1144, 1160 (9th Cir. 2004) (holding the initial interview date triggers the 120-day period under § 1447(b)).  Once the applicant files a petition, the "court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter."  8 U.S.C. § 1447(b).  In this case, over 120 days have passed since Plaintiff's initial interview.  Accordingly, this Court has jurisdiction to either determine or remand the matter. *See id*.

To obtain U.S. citizenship, an applicant must establish that they are "a person of good moral character." 8 U.S.C. § 1427(a); 8 C.F.R. § 316.2(a)(7). In addition, the applicant must show that they have "resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years . . . ." 8 U.S.C. § 1427(a). Before granting a naturalization application, USCIS must conduct a personal investigation of the applicant consisting of, at a minimum, review of all pertinent records. *See* 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.

If USCIS denies a petitioner's naturalization application the petitioner may, after exhausting their administrative options, bring an action for de novo review in district court under 8 U.S.C. § 1421(c).

#### B.    Discussion

As a general rule, the executive branch is in a better position than this Court to decide an application for naturalization. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002) ("The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides."). Thus, "this

4

United States District Court
Northern District of California

Court has remanded naturalization applications to USCIS on numerous occasions in deference to the agency's expertise in investigation, fact-finding, and adjudication of applications for naturalization." *Namgyal v. Jaddou*, No. 23-CV-02856-LJC, 2023 WL 6181641, at *2 (N.D. Cal. Sept. 21, 2023) (citing *Maniulit v. Majorkas*, No. 3:12-CV-04501-JCS, 2012 WL 5471142, at *3 (N.D. Cal. Nov. 9, 2012); *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002)); *Deng v. Chertoff*, No. C 06-7697 SI, 2007 WL 1501736, at *1 (N.D. Cal. May 22, 2007) ("The Court finds it appropriate to remand this action to USCIS because that agency has considerably more expertise than the Court in adjudicating naturalization petitions"); *Reddy v. Mueller*, 551 F. Supp. 2d 952, 953 (N.D. Cal. 2008) ("Since USCIS processed [the p]laintiff's application, conducted his interview and orchestrated his background investigation . . . USCIS is the government entity best equipped to adjudicate [his] application.")).

Yet courts have also declined to remand under some circumstances. For example, courts have found that remand may be inappropriate where there has been substantial delay. *See, e.g., Yith v. Nielsen*, 343 F. Supp. 3d 938, 949 (E.D. Cal. 2018) (denying motion to remand where naturalization application had been pending for more than three years and observing that "[d]istrict courts have declined to remand to the agency when faced with delays of similar magnitude.") (citations omitted). In *Yith*, the court also articulated another reason for denying the defendants' motion to remand, namely, that in that case USCIS had "already issued a notice of intent to deny the naturalization applications" several years before and the court had "every indication that USCIS [would] deny the naturalization applications based on the notices of intent to deny." *Id.* The court reasoned:

> Thus, remanding to USCIS in this matter for a determination would only serve to further delay the district court's review of this matter and add an additional layer of administrative review through the administrative appeal process in a case where Plaintiffs have already been subjected to a lengthy delay and an appeal to the Ninth Circuit. "Congress gave the last word to the district courts for delayed or denied applications." *Hovsepian*, 359 F.3d at 1164. Defendants' suggestion that Plaintiffs are equivalently able to receive judicial review of the agency decision under 8 U.S.C. § 1421(c) would result in the unnecessary waste of judicial resources if the matter is remanded only to land back before the district court after an additional layer of administrative appeals. See ECF No. 78 at 5; ECF No. 79 at 15-16. Therefore, it makes little sense to remand to the agency for the likely issuance of a denial as this would only further delay the district

court's review after administrative appeal of the denial pursuant to § 1421(c).

*Id.* at 949-950.

The court in *Yith* found further support for its conclusion on the ground that the defendants had "fail[ed] to specify how a recommendation would provide any additional information." *Id.* at 950. Thus, the court concluded, " '[a]waiting a recommendation by USCIS would simply be a formality and the Court finds that such an administrative hurdle in the instant case is unnecessary. Any further [agency] review would only delay the. . . resolution of this case.' " *Id.* (quoting *Khan v. Chertoff*, No. C08-1448 RSM, 2009 WL 54236, at *3 (W.D. Wash. Jan. 6, 2009)).

In *Namgyal v. Jaddou*, No. 23-CV-02856-LJC, 2023 WL 6181641, at *3 (N.D. Cal. Sept. 21, 2023), cited by Defendants in support of remand, the court explicitly distinguished *Yith* in finding that remand was appropriate on the basis that "[n]o [Notice of Intent to Deny] ha[d] been issued here nor ha[d] USCIS at any point represented to the Court that it intend[ed] to deny [the plaintiff's] naturalization application. To the contrary, USCIS has represented to the Court on the record that it is 'not aware of any basis that precludes a grant of [Mr. Namgyal's] application for naturalization.' " *Id.* at *3. The court explained that "[t]his assuage[d] any concerns the Court may have had that there is a risk of 'unnecessary waste of judicial resources if the matter is remanded only to land back before the district court after an additional layer of administrative appeals.' " *Id.* (quoting *Yith*, 343 F.Supp. 3d at 950).

Here, the length of the delay in adjudicating Dr. Farshchin's application is approximately one year, which is significantly less than the amount of time that courts have found justifies denying a motion to remand. *See Astafieva v. Gonzales*, No. C06-04820, 2007 WL 1031333, at *2 (N.D. Cal. Apr. 3, 2007) (declining to remand where naturalization application had been pending thirty-five months since naturalization interview); *Al-Kudsi v. Gonzales*, No. CV 05-1584, 2006 WL 752556, at *3 (D. Or. Mar. 22, 2006) (finding the delay of nearly four years where there was no explanation or justification for the delay by USCIS or the F.B.I was unreasonable and granting naturalization application); *Alkenani v. Barrows*, 356 F.Supp.2d 652, 657, n. 6 (N.D. Tex. 2005) (suggesting that a delay of two years in processing an application for naturalization may be unreasonable)).

On the other hand, in this case, in contrast to *Namgyal*, USCIS has informed the Court that it will immediately issue a NOID if the case is remanded. This indicates to the Court that USCIS has already completed any required fact-finding to determine whether Dr. Farshchin is entitled to naturalization,[4] and of course, it will be entitled to present those facts in a naturalization proceeding in this court. *See Etape v. Chertoff*, 497 F.3d 379, 387 (4th Cir. 2007) (stating that "[US]CIS, as a party to any § 1447(b) action, can utilize its expertise by presenting its findings to the court"). USCIS does not point to any additional evidence that may be added to the record as a result of the future proceedings that would likely occur following remand except the rebuttal evidence Plaintiff would likely submit in response to USCIS's NOID. *See* Reply at 6. Nor does it dispute that the record is fully developed as to what appears to be the sole disputed issue relating to Dr. Farshchin's application, that is, whether his mandatory military service in Iran provides a legally sufficient reason for denying his application for naturalization.

Consequently, the conservation of judicial resources that might result from allowing for further development of the record by USCIS does not apply in this case. Instead, the record that this Court would consider if it were to decide Dr. Farshchin's application for naturalization instead of remanding is likely to be substantially the same as the one that would be presented to the district court should USCIS ultimately deny Dr. Farshchin's application and he were to seek *de novo* review under 8 U.S.C. § 1421(c). And while USCIS points out in its Reply that it is not *inevitable* that the application will be denied, as Dr. Farshchin will be permitted to present rebuttal evidence in response to the NOID, the Court finds no authority that suggests that it may not take into account the *likelihood* that Dr. Farshchin's application will be denied following remand, when evaluating whether remand will conserve judicial resources.

Based on the circumstances discussed above, the Court concludes that in this case, as in *Yith*, "it makes little sense to remand to the agency for the likely issuance of a denial as this would only further delay the district court's review after administrative appeal of the denial pursuant to § 1421(c)" by "add[ing] an additional layer of administrative review through the administrative

---

[4] Indeed, at oral argument Defendants stipulated that the Agency's factual investigation related to Dr. Farshchin's application has been completed.

United States District Court
Northern District of California

appeal process." *Yith*, 343 F. Supp. 3d at 949-50.

## IV.   CONCLUSION

For the reasons stated above, the Motion is DENIED.  The parties shall meet and confer and submit a proposed schedule for the case within fourteen days.

**IT IS SO ORDERED.**

Dated:  May 14, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

8